1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    NAJIA MASHRIQUE,                          Case No.  22-cv-07550-JSC

8                    Plaintiff,
                                               **ORDER RE MOTIONS TO DISMISS**
9            v.
                                               Re: Dkt. Nos. 11, 12
10   JPMORGAN CHASE BANK, N.A., et al.,

11                   Defendants.

12

13          Najia Mashrique, representing herself without the benefit of an attorney, seeks to challenge

14   foreclosure proceedings following her 2019 default on her 2007 home loan.  Plaintiff sues

15   Defendants JPMorgan Chase Bank, N.A. ("Chase") and Select Portfolio Services ("SPS"),

16   alleging breach of contract, breach of covenant of good faith and fair dealing, negligence,

17   fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, declaratory

18   relief, violation of California Business and Professions Code section 17200 et seq., and a second

19   claim for fraudulent misrepresentation.  (Dkt. No. 1-1 at 10-24.)[1]  Defendants each move to

20   dismiss Plaintiff's second amended complaint ("SAC") on the grounds of claim preclusion and

21   failure to state a claim.  (Dkt. Nos. 11, 12.)  Having reviewed the parties' briefing, the Court

22   concludes oral argument is unnecessary.  *See* N.D. Cal. Civ. L.R. 7-1(b).  Defendants' motions to

23   dismiss are GRANTED with leave to amend.

24

25

26

27

28   _____
     [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BACKGROUND**

The following facts are based on the complaint allegations and documents of which the Court takes judicial notice.[2]

Plaintiff is the owner of real property located at 3244 Oakes Drive, Hayward, CA 94542 (the "Property").[3]  (Dkt. No. 1-1 at 24.)  In May 2007, Plaintiff obtained a $800,822 mortgage to purchase the Property secured by a Deed of Trust.  (Dkt. No. 1-1 at 29.)  Plaintiff states she made her last mortgage payment in July 2019.  (Dkt. No. 1-1 at 8.)  Chase serviced the loan until transfer to SPS in October 2019.  (Dkt. No. 12 at 11.)

In February 2020, Plaintiff filed a complaint against Chase and SPS in California state court.  (Dkt. No. 13-1; *see also* Dkt. No. 14-1.)  She alleged Chase and SPS's actions relating to her 2019 default on her 2007 home loan constituted breach of contract, breach of covenant of good faith and fair dealing, negligence, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, declaratory relief, and violations of California Business and Professions Code section 17200 et seq.  (Dkt. No. 13-1 at 10-24.)

Plaintiff alleged Defendants failed to provide loss mitigation alternatives to foreclosure, provide a single point of contact, and correctly assess the value of the Property.  (Dkt. No. 13-1 at

---

[2] Defendants request judicial notice of two documents related to Plaintiff's prior state court action. Exhibit A is Plaintiff's 2020 complaint.  (Dkt. Nos. 13-1, 14-1.)  Exhibit B is Plaintiff's voluntary dismissal of the same.  (Dkt. Nos. 13-2, 14-2.)  Judicial notice is appropriate for matters of public record, but not to credit the truth of the allegations or facts within those public records.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see* Fed. R. Evid. 201.  Plaintiff does not oppose the request.  The Court therefore GRANTS Defendants' requests for judicial notice.

Plaintiff appears to request judicial notice of a settlement agreement and a forensic audit report. (Dkt. No. 26 at 34-41; Dkt. No. 27.)  It is not appropriate for this Court to take judicial notice of nor incorporate by reference into the complaint the settlement agreement because the SAC does not mention the settlement even once and parties may dispute its provisions in future litigation. *Khoja*, 899 F.3d at 999-1000, 1003.  This Court cannot readily ascertain the forensic audit report's accuracy "from sources whose accuracy cannot reasonably be questioned."  *Id.* at 999. Defendants argue that similarly titled documents have been deemed a scam by the Federal Trade Commission.  (Dkt. No. 30 at 4 n.2; Dkt. No. 31 at 13.)  To the extent Plaintiff requests judicial notice or incorporation by reference of these documents, it is DENIED.

[3] Plaintiff alleges the Property is located at both 3224 and 3244 Oakes Drive in the SAC.  (*See* Dkt. No. 1-1 at 4, 24.)  The Deed of Trust states the Property is located at 3244 Oakes Drive.  (*See* Dkt. No. 1-1 at 44.)

1    5-9.)  Plaintiff voluntarily dismissed her complaint against Chase and SPS with prejudice in April

2    2020.  (Dkt. Nos. 13-2, 14-2.)

3           In October 2022, Plaintiff filed a new complaint in California state court.  (*See* Dkt. No. 1-

4    3.)  A day later, Plaintiff filed the at-issue SAC.  (*See* Dkt. No. 1-1.)  Chase timely removed this

5    action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 with SPS's

6    consent.  (Dkt. No. 1.)  In the SAC, Plaintiff alleges the same eight causes of action as her 2020

7    complaint and adds a ninth cause of action for fraudulent misrepresentation. (*See* Dkt. No. 1-1 at

8    10-24; Dkt. No. 13-1 at 10-24.)  For the most part, Plaintiff copied and pasted her 2020 complaint

9    into the SAC.  (*See* Dkt. Nos. 1-1, 13-1.)  Plaintiff changed, removed, and added facts into the

10   SAC.

11          Specifically, in both the 2020 complaint and the SAC, Plaintiff alleges Defendants refused

12   to accept lower payments based on the claim that the Property is worth over a million dollars.

13   (*See* Dkt. No. 1-1 at 5; Dkt. No. 13-1 at 5.)  In the SAC, Plaintiff adds Defendants improperly

14   assessed the Property at over 1 and 1.5 million dollars in 2022.  (*See* Dkt. No. 1-1 at 5-6, 24.)  In

15   the 2020 complaint, Plaintiff stated her payments increased from "4,020 to $4,347," whereas in

16   the SAC, Plaintiff alleges Defendants increased her monthly payments from $3,757 to $7,514.

17   (*See* Dkt. No. 1-1 at 5, 6, 24; Dkt. No. 13-1 at 11.)  In the SAC, she mentions a fabricated

18   homeowner assistant program or home retention plan and "a forbearance plan [from] July 2020

19   [to] 2022" after she lost a job due to COVID-19 in July 2020 during which time SPS was

20   accepting monthly payments of $3,757.  (*See* Dkt. No. 1-1 at 6, 24.)

21          In the 2020 complaint and the SAC, Plaintiff alleges Chase improperly reported Plaintiff's

22   account as 90 days late and Chase knew that the monthly payment increase would prevent Plaintiff

23   from making those payments.  (*See* Dkt. No. 1-1 at 20; Dkt. No. 13-1 at 20.)  In the SAC, Plaintiff

24   adds that Chase reported her 90 days late from 2019 to 2022.  (*See* Dkt. No. 1-1 at 12, 24.)  Due to

25   Chase's actions, Plaintiff states she "lost a career opportunity in January 2022 with Farmers'

26   Insurance [with] potential earnings of [$]150,000."  (*Id.* at 24.)  In both her 2020 complaint and

27   the SAC, Plaintiff seeks general damages, compensatory and special damages, including

28

United States District Court
Northern District of California

1  consequential and incidental damages, attorneys' fees and costs, punitive damages, interest, and

2  any other legal or equitable relief.  (Dkt. No. 1-1 at 24; Dkt. No. 13-1 at 24.)[4]

3      SPS argues the SAC should be dismissed because all claims are barred by claim preclusion

4  and because her complaint fails to state a claim.  (Dkt. No. 11.)  Chase argues the SAC should be

5  dismissed because all claims are barred by claim and issue preclusion, her complaint fails to state

6  a claim, her negligence and fraud claims are time-barred, and regardless claims should be

7  dismissed against Chase because this action was initiated after Chase transferred the loan in 2019.

8  (Dkt. No. 12; *see* Dkt. No. 1-1 at 5.)

9                    **DISCUSSION[5]**

10      A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the

11  sufficiency of the complaint.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  A

12  complaint must plead enough "factual content that allows [a] court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

14  678 (2009).  In assessing a motion to dismiss, "[r]eview is limited to the complaint."  *Lee v. City*

15  *of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court may also consider "documents

16  attached to the complaint, documents incorporated by reference in the complaint, or matters of

17  judicial notice."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Khoja v.*

18  *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  A defendant may bring the

19  affirmative defense of claim preclusion under a Rule 12(b)(6) motion.  *See Scott v. Kuhlman*,

20  746 F.2d 1377, 1378 (9th Cir. 1984).

21  **I.      CLAIM PRECLUSION**

22      California law applies when considering claim preclusion arising from a state court

23

---

24  [4] On a motion to dismiss, review is limited to the complaint, "documents attached to the
25  complaint, documents incorporated by reference in the complaint, or matters of judicial notice."
   *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d
26  668, 688 (9th Cir. 2001).  But a court may consider a party's possible amendments suggested
   outside of the complaint when deciding whether to grant dismissal with or without prejudice.  *See*
27  *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).
   [5] This Court will liberally construe Plaintiff's pleadings because she is proceeding without
28  attorney representation.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2019); *Erickson v.*
   *Pardus*, 551 U.S. 89, 94 (2007).

United States District Court
Northern District of California

judgment. *White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) (stating 28 U.S.C. § 1738 extends effect of Full Faith and Credit Clause to federal courts) (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984)). "[Claim preclusion] bars a cause of action that was or could have been litigated in a prior proceeding if: (1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding." *Fed. Home Loan Bank of San Francisco v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (2013) (internal quotation marks and citation omitted).

### A.    First Element: Same Causes of Action

A cause of action is defined as "a primary right and a breach of the corresponding duty." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 792 (2010). It is based on the harm suffered rather than any legal theory asserted by the litigant. *Fed. Home. Loan Bank of San Francisco*, 214 Cal. App. 4th at 1530-31. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (quoting *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009)). Liberally construed, Plaintiff asserts eight theories under the same cause of action and a ninth theory that includes facts alluding to one or more new causes of action. (*See* Dkt. No. 1-1; Dkt. Nos. 13-1, 14-1.); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1.    Identical Causes of Action

Plaintiff copied and pasted most of the 2020 complaint into the SAC, alleging breach of contract, breach of covenant of good faith and fair dealing, negligence, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, declaratory relief, and violation of California Business and Professions Code section 17200 et seq. (*See* Dkt. No. 1-1 at 10-23; Dkt. No. 13-1 at 10-24.) However, "the phrase 'cause of action' is often used indiscriminately . . . to mean counts which state [according to different legal theories] the same cause of action." *Boeken*, 48 Cal. 4th at 813 (emphasis removed) (quotation marks and citation

omitted).  In both the 2020 complaint and the SAC, Plaintiff indiscriminately uses the same theories to frame her cause of action.  Specifically, in her 2020 complaint, Plaintiff sought to redress alleged harms following her 2019 default on her 2007 home loan.  For a large majority of the SAC, Plaintiff seeks to redress these same harms, notwithstanding different requests for relief, legal theories, or new facts.  *Furnace*, 838 F.3d at 1024; *Boeken*, 48 Cal. 4th at 814.  But Plaintiff cannot divide her claim for relief merely because she is now experiencing additional negative consequences, including a lost career opportunity, from the same harms arising from her default, such as negative credit reporting.  *See Boeken*, 48 Cal. 4th at 814-15.  Plaintiff has already pled these theories and could have obtained economic relief for alleged harms arising out Defendants' actions relating to Plaintiff's 2019 default on her 2007 home loan that Plaintiff sought relief for in her first suit.  *Id.* at 813.

### 2.   Causes of Action Based on New Facts

Plaintiff's ninth claim alleging negligent misrepresentation includes additional facts suggesting Plaintiff's monthly payment increases may be related to a homeowner assistant program or home retention plan that occurred later in time after the dismissal of Plaintiff's 2020 complaint.  (*See* Dkt. No. 1-1 at 24.)  Claim preclusion does not apply where "[e]ach action [is] based on a breach of a separate covenant at different times."  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 908 (2002).  To the extent Plaintiff's complaint includes facts relating to other agreements at different times, Defendants have not met their burden to show these causes of action are barred by claim preclusion.  *Mycogen Corp.*, 28 Cal. 4th at 908.

### B.   Second Element: Final Judgment on the Merits

For purposes of claim preclusion, a plaintiff's dismissal of his or her own action "is the equivalent of a final judgment on the merits, barring the entire cause of action."  *Boeken*, 48 Cal. 4th at 793.  Therefore, Plaintiff's voluntary dismissal of her 2020 complaint with prejudice acts as a final judgment on the merits.  Plaintiff does not dispute this element of claim preclusion.

### C.   Third Element: Identical Parties

For claim preclusion to apply, the parties must be in privity with each other.  *Fed. Home Loan Bank of San Francisco*, 214 Cal. App. 4th at 1527.  Because the parties in the present action

1  are the same parties in Plaintiff's 2020 complaint, this element is met. *Id.*; (*see* Dkt. Nos. 1-1, 13-

2  1, 14-1).  Plaintiff's assertion that she only released claims against SPS is not persuasive given

3  Plaintiff sued both Chase and SPS in 2020 and then dismissed the entire action with prejudice.

4                                                              ***

5         As Plaintiff's dismissal of her 2020 complaint with prejudice against the same Defendants

6  as are sued here operates as a judgment on the merits, Defendants have met their burden of

7  showing Plaintiff's causes of action are barred by claim preclusion to the extent they seek

8  damages for harms arising from her 2019 default on her 2007 home loan.

9  **II.        FAILURE TO STATE A CLAIM**

10        While Defendants have not shown Plaintiffs' causes of action related to a homeowner

11  assistant program or home retention plan to be barred, Plaintiff nevertheless fails to state any claim

12  for relief arising from those causes of action.  To the extent Plaintiff is stating claims based on

13  these or other covenants or agreements, she must provide a short and plain statement showing she

14  is entitled to relief and that Defendants may be liable for any alleged misconduct.  Fed. R. Civ.

15  P. 8(a)(2); *Iqbal*, 552 U.S. at 678; *see Twombly*, 550 U.S. at 555.

16        Plaintiff fails to show that Chase could be liable for the alleged conduct because Chase

17  stopped servicing the home loan in October 2019.  Plaintiff has not provided any facts to suggest

18  Chase was involved with a homeowner assistant program or home retention plan for Plaintiff after

19  Chase transferred service of the loan to SPS.  *Iqbal*, 552 U.S. at 678; *see Twombly*, 550 U.S. at

20  555.  Therefore, Plaintiff has failed to state a claim against Chase.

21        To the extent Plaintiff asserts negligent misrepresentation against SPS, Plaintiff fails to

22  state what misrepresentations SPS may have made to Plaintiff.  Fed. R. Civ. P. 8(a)(2).  To the

23  extent Plaintiff is alleging claims based in fraud, those require "the who, what, when, where, and

24  how of the misconduct alleged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

25  Plaintiff has not shown that SPS may be liable for any alleged misconduct regarding those or other

26  separate programs, plans, or agreements.  *Id.*; *Iqbal*, 552 U.S. at 678; *see Twombly*, 550 U.S. at

27  555.  Thus, Plaintiff's remaining causes of action not barred by claim preclusion do not survive

28  Defendants' motions to dismiss.

United States District Court
Northern District of California

## III.   LEAVE TO AMEND

Plaintiff has requested leave to amend based on information submitted in her opposition papers.  (Dkt. No. 32 at 2.)  Plaintiff has presented possible amendments consistent with the complaint that could possibly state a claim for relief against both Defendants.  (Dkt. No. 32; *see* Dkt. Nos. 26, 29, 35.)[6]  The Court cannot say that leave to amend would be futile.  *See Orion Tire Corp.*, 268 F.3d at 1137-38; *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ("[L]eave to amend shall be freely given when justice so requires.");  Fed. R. Civ. P. 15(a).  Plaintiff's request for leave is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' separate motions to dismiss are GRANTED. Plaintiff may file a third amended complaint by **June 12, 2023**.  Failure to file an amended complaint by that date may result in a dismissal with prejudice.  Plaintiff is reminded that she can contact the Legal Help Center for free assistance by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: May 9, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[6] Plaintiff filed four oppositions after the Court's final deadline extension of March 16, 2023.  (*See* Dkt. Nos. 25, 26, 29, 32, 35.)  Plaintiff is bound by the Federal Rules and the Local Rules of this District.  *See* N.D. Cal. Civ. L.R. 3-9(a).  Due to Plaintiff's unrepresented status and the Court's preference for resolving matters on the merits, the Court will consider Plaintiff's opposition papers in connection with whether to grant Plaintiff leave to amend, but warns Plaintiff the Court may not do so in the future.

United States District Court
Northern District of California