UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJIA MASHRIQUE,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>  Defendants. | Case No. 22-cv-07550-JSC<br><br>**ORDER GRANTING MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Najia Mashrique, representing herself without the benefit of an attorney, has timely filed her Second Amended Complaint ("SAC"). (Dkt. No. 40.)[1] Plaintiff asserts claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the CARES Act, 15 U.S.C. § 9001, and the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601. (Dkt. No. 40 ¶¶ 24-33.)[2] Defendant Select Portfolio Servicing, Inc. ("SPS") moves to dismiss the SAC. (Dkt. No. 41.) Defendant JPMorgan Chase Bank, N.A. ("Chase") moves to strike and dismiss the SAC. (Dkt. No. 56.) Having reviewed the parties' briefing, the Court GRANTS Defendants' separate motions to dismiss with prejudice and without leave to amend. Chase's motion to strike is dismissed as moot.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Chase's unopposed request for this Court to take judicial notice of the at-issue property's deed of trust, related promissory note, and related court records, Dkt. No. 55, is granted. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (finding it appropriate to take judicial notice for relevant matters of public record, but not to credit the truth of the allegations or facts within those public records); Fed. R. Evid. 201.

## BACKGROUND

Plaintiff received a home loan in 2007 to purchase real property located at 3244 Oakes Drive, Hayward, CA 94542 for $800,822. (Dkt. No. 40 ¶¶ 9-11.) Following a series of timely mortgage payments to Chase, Plaintiff defaulted on her loan in July 2019. (Dkt. No. 50 at 7.) In October 2019, Chase assigned the loan to SPS, her current service provider. (*Id.*) A few months later, Plaintiff filed a complaint against SPS and Chase for breach of contract, breach of covenant of good faith and fair dealing, negligence, fraudulent misrepresentation, negligent misrepresentation, fraudulent concealment, declaratory relief, and violations of California's Unfair Competition Law, Business and Professions Code section 17200 et seq. (Dkt. No. 55 at 33-47.) The crux of the lawsuit was SPS and Chase wrongfully increased Plaintiff's monthly payments due to an incorrect tax assessment and Plaintiff was harmed when Chase reported her late on her mortgage and SPS refused to accept lower monthly payments. Plaintiff voluntarily dismissed the lawsuit in exchange for a loan modification. (Dkt. No. 55 at 50-51; Dkt. No. 50 at 4.)

## PROCEDURAL HISTORY

In October 2022, Plaintiff filed two complaints in California state court, one right after the other (Dkt. No. 1-3 (filed Oct. 19, 2022); Dkt. No. 1-1 (filed Oct. 20, 2022)), the latter of which Chase removed to this Court based on diversity jurisdiction, (Dkt. No. 1). In December 2022, Chase and SPS filed separate motions to dismiss Plaintiff's FAC on the basis of claim preclusion because it mirrored her 2020 complaint. (Dkt. Nos. 11, 12.) In January 2023, Plaintiff requested an extension of time to file a response, which this Court granted. (Dkt. No. 21.) In February 2023, the Court granted Plaintiff an additional request for an extension of time. (Dkt. No. 25.)

In May 2023, after reviewing the parties' briefing, the Court granted Defendants' motions to dismiss with leave to amend. (Dkt. No. 36.) "Defendants [ ] met their burden of showing Plaintiff's causes of action [were] barred by claim preclusion to the extent they [sought] damages for harms arising from her 2019 default on her 2007 home loan." (*Id.* at 7.) However, Plaintiff's claims relating to a homeowner assistant program or home retention plan after her 2019 default may not have been barred—though Plaintiff failed to sufficiently plead those claims—so the Court granted Plaintiff leave to amend. (*Id.*)

Plaintiff requested an extension of time to file the SAC, which this Court granted. (Dkt. No. 39.) Plaintiff filed the SAC on July 15, 2023. (Dkt. No. 40.) SPS moved to dismiss the SAC. (Dkt. No. 41.) In response, Plaintiff requested a 90-day continuance to work with SPS on a loan modification and to help ensure a fair outcome. (Dkt. Nos. 42, 46.) The Court denied Plaintiff's request, because her submissions "[did] not suggest that additional time would allow her to seek additional legal help, obtain additional facts, or file additional claims that would help ensure a fair outcome." (Dkt. No. 48 at 1-2.) The Court nonetheless gave Plaintiff until August 4, 2023 to oppose SPS's motion, (*id.* at 2), and she timely filed an opposition, (Dkt. No. 50). Chase filed a separate motion to strike or dismiss Plaintiff's SAC (Dkt. No. 56), which the parties have fully briefed.

The Court now reviews the sufficiency of Plaintiff's SAC in light of SPS and Chase's motions. SPS argues the SAC is untimely, Plaintiff's claims are barred by res judicata, and Plaintiff has otherwise failed to state a claim against SPS. (Dkt. No. 41.) Chase moves to strike the complaint and to dismiss Plaintiff's claims under the res judicata doctrine and for failure to state a claim. (Dkt. No. 56.)

## DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A complaint must plead enough "factual content that allows [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a motion to dismiss, "[r]eview is limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court may also consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A defendant may bring the affirmative defense of claim preclusion under a Rule 12(b)(6) motion. *See Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984).

### A. Claim Preclusion

California law governs claim preclusion arising from a state court judgment. *White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) (stating 28 U.S.C. § 1738 extends effect of Full Faith and Credit Clause to federal courts) (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984)). "[Claim preclusion] bars a cause of action that was or could have been litigated in a prior proceeding if: (1) the present action is on the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding." *Fed. Home Loan Bank of San Francisco v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (2013) (internal quotation marks and citation omitted).

#### 1. Identical Causes of Action

A cause of action is defined as "a primary right and a breach of the corresponding duty." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 792 (2010). It is based on the harm suffered rather than any legal theory asserted by the litigant. *Fed. Home. Loan Bank of San Francisco*, 214 Cal. App. 4th at 1530-31. "[I]n California, 'if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (quoting *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009)). Chase argues Plaintiff cannot use different statutes to relitigate the same primary rights implicated in the 2020 lawsuit. SPS contends each of the different causes of action against SPS concern the validity and lawfulness of SPS's servicing of the loan, which Plaintiff also sought relief for in 2020. With the exception of Plaintiff's CARES Act cause of action, the Court agrees.

Plaintiff contends a non-specified Defendant violated TILA by not providing Plaintiff with documents. The documents at issue relate to the promissory note, a 2019 assessment of the property, monthly payments, and transfer of the loan to SPS. (Dkt. No. 40 at ¶¶ 11, 12, 18, 24, 26.) Plaintiff raised similar challenges to Defendants' conduct in the 2020 lawsuit. (*See* Dkt. No. 55 at 40 ("Defendants misrepresented . . . information and/or documents all in an effort to

4

foreclose.")  The harms for which she seeks damages on her TILA claims are the same harms for which she sought damages in her 2020 suit; namely, harms arising from their attempt to foreclose on her home and reporting on her missed payments.  So, claim preclusion bars her claim.  *See Boeken*, 48 Cal. 4th at 814-15.

In Plaintiff's claim under RESPA, Plaintiff concedes the "mental, physical, and emotional hardships" she has suffered arose "as a result of the Defendant not adhering to federal regulations associated with *loan origination and servicing*."  (Dkt. No. 40 at ¶ 32 (emphasis added).)  *See Boeken*, 48 Cal. 4th at 814-15; *Fed. Home. Loan Bank of San Francisco*, 214 Cal. App. 4th at 1530-31.

In a section titled "standing," Plaintiff alleges SPS must "prove that it has a valid and perfected chain of title and is in possession of the original Promissory Note and Deed of Trust." (Dkt. No. 40 at 3.)  This, too, to the extent it is a separate claim, challenges the same harms as did her 2020 lawsuit.  *See Fed. Home. Loan Bank of San Francisco*, 214 Cal. App. 4th at 1530-31.

Plaintiff's FDCPA and FCRA claims allege Chase erred in its communications with Plaintiff and inaccurately reflected Plaintiff's payments on her credit report.  But Plaintiff pursued these same causes of action in her 2020 suit. (*See, e.g.*, Dkt. No. 55 at 46 (alleging reporting Plaintiff 90-days late to credit bureaus resulted in harm).)  Therefore, the same primary rights are at stake.  *See Boeken*, 48 Cal. 4th at 814-15.

In sum, in the present action Plaintiff seeks to redress the same grievances as she did in her 2020 complaint, notwithstanding different legal theories.  *See id.* at 814.  Plaintiff argues the same primary rights are not at issue.  But the SAC is largely based on the same set of facts (*see* Dkt. No. 40 ¶¶ 9-23.), and, as explained above, is based on the same harms which is what precludes her claims, *see id.* at 814-15.  Accordingly, these four causes of action and Plaintiff's argument under the standing section in the SAC are the same causes of action as in her 2020 complaint and meet this element of claim preclusion.

### 2.  Final Judgment on the Merits

A plaintiff's dismissal of his or her own action "is the equivalent of a final judgment on the merits, barring the entire cause of action" under claim preclusion.  *See Boeken*, 48 Cal. 4th at 793.

So, Plaintiff's voluntary dismissal of her 2020 complaint with prejudice acts as a final judgment on the merits. (Dkt. No. 55 at 50-51.) Plaintiff does not dispute this element.

### 3. Identical Parties

Claim preclusion applies when the "actions involve the *same parties* and seek compensation for the same harm." *Fed. Home Loan Bank of San Francisco*, 214 Cal. App. 4th at 1532 (emphasis added). Plaintiff admits she filed the 2020 complaint against Chase and SPS and she now files the SAC against Chase and SPS. (Dkt. No. 59 at 8; Dkt. No. 40 at 1; Dkt. No. 55 at 25.) Thus, this element is met.

***

Chase has met its burden to show that all Plaintiff's claims against it are precluded. SPS has met its burden to show that Plaintiff's TILA and RESPA claims against it are precluded as well as Plaintiff's standing argument, to the extent it alleges a separate claim. So, the claims against Chase must be dismissed as well as the TILA and RESPA claims against SPS.

## II.   FAILURE TO STATE A CLAIM

To the extent Plaintiff argues the repayment plan SPS offered in 2022 is a separate contract unrelated to her loan default and violates the CARES Act (Dkt. No. 40 at ¶¶ 29-30), Plaintiff's claim fails. Plaintiff does not have a private right of action to pursue a claim under the CARES Act. "Without statutory intent, a cause of action does not exist and courts may not create one." *Saloojas, Inc. v. Aetna Health of California, Inc.*, __ F.4th __, 2023 WL 5763344, at *4 (9th Cir. Sept. 7, 2023) (holding "the CARES Act does not grant a private right of action to a provider of COVID-19 diagnostic testing to enforce Section 3202"). Although SPS specifically raised the lack of a private right of action in its motion to dismiss (Dkt. No. 41 at 15), Plaintiff does not identify any CARES Act language, let alone language supporting a private right of action. Every court to have considered the issue, including the Ninth Circuit, has found Congress did not include a private right of action in the CARES Act. *See Saloojas, Inc. v. Blue Shield of Cal. Life and Health Ins. Co.*, No. 22-cv-03267-MMC, 2022 WL 4843071, at *1 (N.D. Cal. Oct. 3, 2022) (stating "the overwhelming majority of district courts to have addressed the issue have found" neither the CARES Act nor the Families First Coronavirus Response Act creates a private right of

action); *see also Ortiz v. Bus. Consumers and Hous. Agency*, No. 2:23-cv-00837-FWS-AS, 2023 WL 2188694, at *2 (C.D. Cal. Feb. 23, 2023) (stating the CARES Act does not create a private right of action). Accordingly, Plaintiff's CARES Act claim must be dismissed.

## III. LEAVE TO AMEND

Plaintiff requests leave to amend the SAC. While Rule 15(a) is "very liberal," the "court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2021 WL 5771132, at *3 (N.D. Cal. Dec. 6, 2021) (quoting *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a *valid and sufficient* claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotation marks omitted) (emphasis added). A court considers the legal sufficiency of a proposed amendment under the same standards as if it were challenged under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988).

Plaintiff lacks a private right of action to bring the CARES Act claim and so it cannot be proved by any set of facts. Plaintiff proposes to amend her CARES Act claim into breach of contract, fraud, negligent misrepresentation, and other federal statutory claims against SPS. (Dkt. No. 50 at 15.) But Plaintiff does not identify any new facts allowing this Court to infer SPS's conduct was wrongful under any legal theory. And Plaintiff's claims against SPS and Chase relying on facts related to her 2007 home loan and the 2019 default of that loan are barred by claim preclusion and no amendment can change that result. Accordingly, additional amendments would be legally insufficient and futile. *See Sweaney*, 119 F.3d at 1393.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' separate motions to dismiss with prejudice and without leave to amend. Chase's motion to strike is dismissed as moot. A separate judgment will issue.

7

This Order disposes of Docket Nos. 41, 56.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge